DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-141-RLV
(5:13-cr-95-RLV-DCK-1)

| | |
|---|---|
| JOSE REMIGIO MARTINEZ-ZAMBRANO, )<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1).

**I.    Initial Screening**

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f).

**II.    Discussion**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, Petitioner pled guilty to reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Criminal Case No. 5:13-cr-95-RLV-DCK-1, Doc. No. 16: Judgment; Doc. No. 9: Acceptance and Entry of Guilty Plea). On October 6, 2014, this Court sentenced Petitioner to 41 months of imprisonment, plus one year of supervised release. Judgment was entered on October 15, 2014, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final fourteen days later on October 29, 2014, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Petitioner then had one year, or until October 29, 2015, in which to file a timely petition. Petitioner did not place the Section 2255 motion to vacate, however, in the prison system for mailing until November 18, 2015. Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) appears to apply to render the petition timely.

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United

prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, Petitioner pled guilty to reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Criminal Case No. 5:13-cr-95-RLV-DCK-1, Doc. No. 16: Judgment; Doc. No. 9: Acceptance and Entry of Guilty Plea). On October 6, 2014, this Court sentenced Petitioner to 41 months of imprisonment, plus one year of supervised release. Judgment was entered on October 15, 2014, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final fourteen days later on October 29, 2014, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Petitioner then had one year, or until October 29, 2015, in which to file a timely petition. Petitioner did not place the Section 2255 motion to vacate, however, in the prison system for mailing until November 18, 2015. Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) appears to apply to render the petition timely.

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United

prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, Petitioner pled guilty to reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Criminal Case No. 5:13-cr-95-RLV-DCK-1, Doc. No. 16: Judgment; Doc. No. 9: Acceptance and Entry of Guilty Plea). On October 6, 2014, this Court sentenced Petitioner to 41 months of imprisonment, plus one year of supervised release. Judgment was entered on October 15, 2014, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final fourteen days later on October 29, 2014, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Petitioner then had one year, or until October 29, 2015, in which to file a timely petition. Petitioner did not place the Section 2255 motion to vacate, however, in the prison system for mailing until November 18, 2015. Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) appears to apply to render the petition timely.

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United

States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have 20 days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

Signed: December 7, 2015

Richard L. Voorhees
United States District Judge